IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAVORIS JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-054 |
| | ) | |
| RICHMOND COUNTY SHERIFF OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

On April 27, 2026, the Court issued a Report and Recommendation ("R&R") recommending this case be dismissed without prejudice for Plaintiff's failure to file an amended motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 4.) On April 30, 2026, the Court belatedly received Plaintiff's motion to proceed IFP along with an objection to the R&R. (Doc. nos. 6, 7.) Because Plaintiff has submitted an amended motion to proceed IFP as directed, the Court **VACATES** the April 27th R&R. (Doc. no. 4.) Having considered Plaintiff's supplemental affidavit of poverty, the Court **GRANTS** Plaintiff's request to proceed IFP. (Doc. no. 6.) If in the future, however, it appears that Plaintiff's financial situation has improved, the Court may act on its own initiative to require him to pay either the entire filing fee or an appropriately determined partial filing fee.

## I.        SCREENING OF THE COMPLAINT

Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the Court may dismiss the complaint or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B).

Here, the Court cannot conduct a meaningful initial review of Plaintiff's complaint because in its current form, the pleading falls short of the requirements of the Federal Rules of Civil Procedure that the complaint provide a "short, plain statement" of the claims entitling a plaintiff to relief. (See generally doc. no. 1.) Under Fed. R. Civ. P. 8(a), Plaintiff must proffer a short and plain statement (1) detailing the Court's jurisdiction, (2) showing that he is entitled to relief, and (3) demanding judgment for the relief that he seeks.

As an initial matter, Plaintiff's complaint was filed using Form Pro Se 14, Complaint for Violation of Civil Rights (Prisoner), alleging claims for unsafe conditions and failure to protect from violence. (Doc. no. 1.) However, Plaintiff is no longer incarcerated and states in his application to proceed IFP that he lives with his sister. (See doc. no. 6 at 5.) More importantly, the Court cannot determine which claims Plaintiff brings against which Defendants for the alleged activities that occurred when Plaintiff *was* incarcerated. Instead, the Complaint states that Charles B. Webster is a dangerous facility and that during his stay Plaintiff "witnessed stabbings, fights, gang beatings, and extortion." (Doc. no. 1, p. 5.) He

2

also claims that he was "robbed by other inmates, and, as a result of the unsafe conditions and fear for my life, I was moved to protective custody (PC)." (Id. at 13.)  While Plaintiff claims that "staff failed to protect inmates from known danger," there is no detail whatsoever indicating that the named defendants even knew of the alleged dangerous activities let alone failed to protect Plaintiff or made the conditions of his incarceration unsafe.  (Id. at 5.) Moreover, while Plaintiff's complaint provides general dates for his incarceration, it does not provide any detail as to when each alleged dangerous activity occurred during that time.  (See id. at 4, noting his incarceration from December 1, 2023 to March 21, 2024.)

For the above reasons, the Court is unable to determine the legal and factual bases for Plaintiff's claims against Defendants from the pleading as it currently stands.  (See generally id.)  The pleading fails to meet the requirements of Federal Rule of Civil Procedure 8 for a short and plain statement showing Plaintiff is entitled to relief and the Court cannot hypothesize as to which claims Plaintiff might want to bring against which defendant with the facts presented.  See In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) (Court does not have a "license to serve as de facto counsel for a party, or to re-write an otherwise deficient pleading in order to sustain an action. . . .").  Recognizing Plaintiff's *pro se* status, the Court will provide Plaintiff an opportunity to cure these pleading deficiencies by amending Plaintiff's complaint.

Accordingly, the Court **ORDERS** Plaintiff to file an amended complaint within fourteen days of the date of this Order that complies with the requirements of Federal Rule of Civil Procedure 8(a) that a pleading provide a short and plain statement of the grounds for the

Court's jurisdiction, showing Plaintiff is entitled to relief, and a demand for the relief sought.[1]

See Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357-58 (11th Cir. 2018).  If Plaintiff wishes to proceed with this action, Plaintiff must file a complete amended complaint in accordance with the instructions in this Order and include all matters Plaintiff wishes the Court to consider in that one document.  Plaintiff should carefully review the instructions and provide the information requested.

## II.        INSTRUCTIONS

The amended complaint must be printed legibly, or typed, so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff.  Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must contain a caption that clearly identifies, by name, each individual or entity that Plaintiff is suing in the present lawsuit.  Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  The numbered paragraphs in the amended complaint should include information such as:  (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

---

[1] As Plaintiff references 42 U.S.C. § 1983 and claims that the alleged constitutional violations occurred while he was incarcerated, the Court **DIRECTS** the **CLERK** to enclose Form Pro Se 15, Complaint for Violation of Civil Rights (Non-Prisoner) stamped with the appropriate case number, with Plaintiff's service copy of this Order.

While Plaintiff may attach exhibits to the amended complaint, Plaintiff shall not incorporate them by reference as a means of providing the factual basis for the complaint. For example, Plaintiff should not simply state, "See attached documents." The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in the amended complaint. Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into the amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order.

Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that Plaintiff wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and whether any Defendant should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

**Finally, Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.**

SO ORDERED this 11th day of May, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5